IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SETH D. HARRIS, Acting Secretary )
of Labor, United States Department )
of Labor, )
                                                    )
                        Plaintiff, )
                                                    )
   vs. )
                                                    )
ASRC ENERGY SERVICES ALASKA, INC., )
                                                    ) No. 3:11-cv-0251-HRH
                         Defendant. )
_____)

JUDGMENT

Pursuant to the parties' agreement for a consent judgment,[1]

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Family Medical Leave Act of 1991, as amended (29 U.S.C. § 2601, et seq.), ("FMLA") and its Regulations published at 29 C.F.R. Part 825. The Defendant agrees that it does not currently and will not, henceforth, include rest and relaxation periods in calculating the twelve-week entitlement to leave under the FMLA for rotational workers, except to the extent authorized or permitted in the future by a federal court decision or a change in the FMLA or regulations issued under the FMLA.

---

[1] Docket No. 22.

JUDGMENT                                                                                                       - 1 -

IT IS FURTHER ORDERED that the Plaintiff recover from Defendant the gross amount of $43,000 in damages. Payment shall be made to the Complainant, by regular payroll check made payable to "Rick Quintana" and shall be mailed to:

> Rick Quintana
> *At the address that Plaintiff
> provided to Defendant on April 3, 2013*

The check shall be accompanied by a letter identifying the case name as *Harris v. ASRC Energy Services Alaska, Inc.*, and shall include the employer's tax identification number. The check shall be in the net amount accompanied by a list of the legal deductions made from the gross amount due. Defendant will be responsible for computing and paying all relevant employer payroll taxes, including any applicable federal, state, or local taxes. Payment shall be made in full within 30 days of the entry of this Judgment.

Plaintiff shall also send a copy of the check and all enclosures sent to Mr. Quintana to:

> U.S. Department of Labor
> Wage Hour Division
> 300 Fifth Avenue, Suite 1125
> Seattle, WA 98104

If after a reasonable attempt to do so, Defendant is unable to locate Complainant Rick Quintana to complete the described payment, Defendant may send a check made out to **"Rick Quintana or the U.S. Department of Labor"** to:

> U.S. Department of Labor
> Wage Hour Division
> 300 Fifth Avenue, Suite 1125
> Seattle, WA 98104

Defendant must include all of the original enclosures that it attempted to send to the Complainant. In the event that Defendant is unable to locate the Complainant and complete the payment, Plaintiff shall distribute the monies paid by Defendant under this Judgment to the Complainant or his estate if that is necessary. Any money not so paid within three (3) years because of inability to locate said employee or because of his refusal to accept said proceeds shall be deposited forthwith with the Treasurer of the United States pursuant to 28 U.S.C. § 2041.

On behalf of the U.S. Department of Labor, the Secretary has released Defendant from any and all claims, demands, damages, costs, and causes of action that the Secretary could bring under the FMLA related to the termination or reinstatement of Rick Quintana, including those that are known and those that are unknown, arising out of (1) any act or omission that occurred or which could be alleged to have occurred prior to the Secretary filing the Complaint in this matter; or (2) any act or omission that was known to the U.S. Department of Labor prior to the date of execution of this consent judgment. Nothing in this consent judgment shall preclude Mr. Quintana from filing a complaint with the U.S. Department of Labor for any matter arising out of an act or omission that occurs after the date of execution of this consent judgment.

IT IS FURTHER ORDERED that this Judgment neither affects nor extinguishes any rights of any of Defendant's employees or former

employees not specifically named in the Complaint and this Judgment or any defenses available to Defendant.

IT IS FURTHER ORDERED that each party shall bear its own fees and other expenses incurred in connection with any stage of this proceeding, and shall waive all rights to relief in this case under the Equal Access to Justice Act of 1980, as amended (5 U.S.C § 594, 28 U.S.C. § 2412, et seq.).

DATED at Anchorage, Alaska, this 18th day of April, 2013.

/s/ H. Russel Holland
United States District Judge